NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-3190

———————

JOHN DOE,
Appellant

v.

NEW CASTLE COUNTY; HERBERT F. COATES, in his individual
capacity; GARRETT C. KRATZER, in his individual capacity

———————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-21-cv-01450)
District Judge: Honorable Richard G. Andrews

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2024

Before: SHWARTZ, MATEY and FISHER, *Circuit Judges*.

(Filed: November 8, 2024)

———————

OPINION*

———————

FISHER, *Circuit Judge*.

Plaintiff John Doe briefly worked for New Castle County in the Department of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Public Works alongside co-workers Herbert Coates and Garrett Kratzer. Doe sued, alleging Title VII hostile work environment, retaliation, and constructive discharge claims against the County, and constitutional substantive due process and equal protection claims against Coates and Kratzer. The District Court granted the defendants' motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Doe's hostile work environment, retaliation, and constitutional claims.[1] Later, it granted the defendants' Rule 12(c) motion for judgment on the pleadings and dismissed the remaining constructive discharge claim.[2] Doe appeals these orders. We will affirm.[3]

Doe argues the District Court erred by applying the summary judgment standard on the Rule 12(b)(6) motion. This higher standard requires the non-movant to establish that there is a genuine issue of material fact warranting a trial.[4] Doe claims "[t]his error

---

[1] To survive a motion to dismiss, a complaint need only "nudge[]" the claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Allegations are sufficient if they "'raise a reasonable expectation that discovery will reveal evidence of' each necessary element of the claims alleged in the complaint." *Fenico v. City of Phila.*, 70 F.4th 151, 161 (3d Cir. 2023) (quoting *Twombly*, 550 U.S. at 556).

[2] A Rule 12(c) motion for judgment on the pleadings is reviewed under the same plausibility standard as a Rule 12(b)(6) motion. *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

[3] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal questions) and 42 U.S.C. § 1343(a)(3) (§ 1983 suits) and (4) (statutes protecting civil rights). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). We review the District Court's dismissals under Rule 12(b)(6) and 12(c) de novo. *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020).

[4] *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362–63 (3d Cir. 1992).

runs through the . . . entire [Rule] 12(b)(6) [d]ecision . . . ."[5] We need not address this assertion because, even if Doe is correct, we are conducting de novo review.

Doe's hostile work environment claims are based upon Kratzer's harassment of Doe because of Doe's wife's Filipina background and Doe's perceived homosexuality. To state a claim for a hostile work environment under Title VII, a plaintiff must allege (1) he or she "suffered intentional discrimination" because of his or her protected characteristic, (2) "the discrimination was severe or pervasive," (3) "the discrimination detrimentally affected the plaintiff," (4) "the discrimination would detrimentally affect a reasonable person in like circumstances," and (5) "*respondeat superior* liability."[6]

Only the last element is at issue on appeal. *Respondeat superior* liability for harassment by non-supervisory co-workers "exists only if the employer failed to provide a reasonable avenue for complaint or, alternatively, if the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action."[7] In general, an employer should have known of the harassment if "[it] is so pervasive and open that a reasonable employer would have had to be aware of it," or "an employee provides management level personnel with enough information to raise a probability of . . . harassment in the mind of a reasonable employer . . . ."[8]

---

[5] Appellant's Br. 13.
[6] *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).
[7] *Huston v. Procter &Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009).
[8] *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 294 (3d Cir. 1999).

3

Doe argues he plausibly alleged *respondeat superior* liability because he alleged Kratzer previously had openly directed sexually and racially offensive comments at women and Black people. He argues the County therefore knew or should have known about Kratzer's sexual and racial harassment directed at him. But a work environment is hostile if the discriminatory conduct "alter[s] the 'conditions' of the *victim's* employment,"[9] so the inquiry is whether the County allegedly knew or should have known that the conditions of *Doe's* employment had been altered. Doe claims his conditions of employment were altered by Kratzer's comments directed towards him, not others. To be sure, prior harassment of others is relevant to determine if the County had "enough information to raise the probability of . . . harassment."[10] But even assuming management level personnel knew about Kratzer's previous comments, the type and seriousness of those comments is too distinct from the harassment that Doe suffered.

Doe also alleges the County should have known about Kratzer's harassment of Doe because of Kratzer's troubled work history. Kratzer told Doe that one of his previously assigned helpers killed himself and another sought a transfer. He also told Doe he was fired from a previous job due to his personality disorder. It is plausible that the County knew or should have known Doe was having a difficult time working with Kratzer. Indeed, Doe alleges someone from the County approached him after the transfer

---

[9] *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)) (emphasis added).

[10] *Kunin,* 175 F.3d at 294.

to ask if he was having any problems. However, none of these allegations give rise to a plausible inference that the County knew or should have known about Kratzer's sexual and racial harassment of Doe.

Doe also argues that the County failed to provide a reasonable avenue for complaint. Doe concedes that he never attempted to report Kratzer. He believed complaining would have been futile because his prior complaints to supervisors about Coates's homophobic slurs resulted only in Doe's transfer to work with Kratzer. But our review of whether Doe lacked a reasonable avenue of complaint is objective. Doe does not allege that the County lacked a reasonable avenue to complain about something as severe as Kratzer's harassment. Indeed, when the County learned of the harassment through the police, it immediately placed Kratzer on administrative leave and investigated the incident.[11] For these reasons, Doe's hostile work environment claims were correctly dismissed.

For the retaliation claim relating to Doe's work with Coates, Doe must plead "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" that "(1) [he] engaged in conduct protected by Title VII; (2) the [County] took adverse action against [him]; and (3) a causal link exists between [his] protected conduct

---

[11] Doe cites *Graudins v. Retro Fitness, LLC* for the "broader proposition" that if an employee did not feel safe reporting misconduct, there was no reasonable avenue for complaint. 921 F. Supp. 2d 456, 467 (E.D. Pa. 2013). In *Graudins*, however, the employee's supervisor was the harasser's brother. *Id.* Here, there was no comparable conflict of interest.

and the [County's] adverse action."[12] Doe argues only that, on its own, the temporal relationship between Doe's reporting of Coates's offensive language and his transfer to work with Kratzer was sufficient to plead causation.

"In certain narrow circumstances, an unusually suggestive proximity in time between the protected activity and the adverse action may be sufficient" to raise a causal inference.[13] But there is no rigid time frame as to what qualifies as unusually suggestive because it is a context-specific inquiry.[14] Doe does not identify when exactly he reported his concerns, but it was within the fifty-nine-day period that Doe worked alongside Coates. There is nothing unusually suggestive about this temporal gap, especially considering the alleged retaliatory transfer was set in motion by an investigation of an unrelated, contentious argument between Doe and Coates a week before. Doe therefore has not pled a retaliation claim related to his work with Coates.

Doe argues he sufficiently alleged retaliation relating to his work with Kratzer because the County took an adverse employment action by failing to offer him an unsolicited transfer. Adverse employment actions are those material enough to "dissuade[] a reasonable worker from making or supporting a charge of discrimination."[15] Doe never requested a transfer. He went on unpaid medical leave and

---

[12] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).
[13] *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007) (internal quotation marks and citations omitted).
[14] *Qin v. Vertex, Inc.*, 100 F.4th 458, 477 (3d Cir. 2024).
[15] *Burlington N. & S.F. Ry. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v.*

then resigned. Absent other circumstances, a failure to offer an unsolicited transfer to an employee on indefinite leave is not an adverse employment action. So the District Court did not err in dismissing Doe's retaliation claim related to Kratzer.

To plead constitutional claims against Coates and Kratzer, Doe must allege that they acted under color of state law when harassing him. Under 42 U.S.C. § 1983, a defendant acts under color of state law when "exercis[ing] power" possessed by virtue of authority granted under state law.[16] Generally, in order to act under color of state law, the defendant state employee must have supervised the plaintiff.[17] The substance of the individual defendant's job functions, rather than the form, determines whether he or she was in the position of supervising the plaintiff employee.[18] We have previously examined two factors to determine if there was supervisory control: (1) whether the defendant could alter the plaintiff's workload or "wield[ed] considerable control" over the plaintiff and (2) whether the plaintiff would face charges of insubordination for failure to obey the defendant's order.[19]

Doe asks us to infer supervisory control from his title as "Trades Helper" and his conclusory allegations that he "assist[ed]" Coates and "work[ed] under" Kratzer.[20]

---

*Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).

[16] *West v. Atkins*, 487 U.S. 42, 49 (1988).

[17] *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 23–25 (3d Cir. 1997).

[18] *Id.* at 23.

[19] *Id.* at 23–24.

[20] JA33–34.

However, Doe does not allege that either could have altered his workload or wielded considerable control over him. And regarding the risk of insubordination charges, Doe allegedly was disciplined for threatening Coates, not for failing to obey his orders. Similarly, Doe feared discipline for reporting Kratzer's behavior, not for failure to obey orders. Since these allegations do not establish that Coates and Kratzer acted with supervisory control over Doe, we affirm the dismissal of the constitutional claims.

Lastly, Doe argues the dismissal of his hostile work environment claims does not implicate the viability of his constructive discharge claim because the two are distinct. However, "[c]reation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case."[21] Doe points to the Supreme Court's holding that "constructive discharge is a claim distinct from the underlying discriminatory act."[22] But that later opinion reiterates the rule that "a hostile-work-environment claim is a 'lesser included component' of the '*graver* claim of hostile-environment constructive discharge.'"[23] Because Doe's hostile work environment claim fails, we affirm the dismissal of the constructive discharge claim.

For the foregoing reasons, we will affirm the order of the District Court.

---

[21] *Pa. State Police v. Suders*, 542 U.S. 129, 149 (2004).
[22] *Green v. Brennan*, 578 U.S. 547, 559 (2016).
[23] *Id.* (quoting *Suders*, 542 U.S. at 149).